**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

FILED02 JUN '26 15:37USDC-ORP

**DAVID P. MARTIN, DCL, DD, S.J.D. (UvA),**

Plaintiff, Pro Se,

v.

**ODS COMMUNITY DENTAL (ODS HEALTH PLAN, INC.);**

**MODA HEALTH PLAN, INC. d/b/a CAREOREGON;**

**HEALTH SHARE OF OREGON; AMY DOE; DOES 1–50,**

Defendants.

— *INJUNCTIVE DEFENDANTS* —

**HON. REBECCA A. LEASE (Pro Tempore); ALJ JAMES A. DREYER (OSB #9 50111 — INACTIVE),**

Injunctive Defendants.

**Case No. 3:26-cv-01049-AB**

---

# THIRD AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

(Removed from: Case No. 26CV13165, Multnomah County Circuit Court)

Bridge: 26CV13165 | 26SC05481 | 26SC05500 | 9th Cir. 26-2403 | 26-3101 | 26-3357 | OHA 2026-OHA-20842

Day 126 — June 4, 2026

---

* *FCA Reservation Notice:* Plaintiff expressly reserves all substantive qui tam claims under 31 U.S.C. § 3729(a)(1)(A)–(B) for filing under seal in a Fourth Amended Complaint with simultaneous U.S. Attorney service per § 3730(b)(2). This TAC pleads the FCA retaliation claim under § 3730(h) as a direct first-party claim, which does not require seal or government service and is properly maintained pro se. The reservation of qui tam counts is not a waiver; it is sequencing. The Stoner

© 2024–2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) • DPM 933

Bar as-applied constitutional challenge is filed as a separate Supplement to this Complaint.

## I. PARTIES

1. **Plaintiff David P. Martin, DCL, DD, S.J.D. (UvA)** is a disabled adult residing at 7609 SE 110th Avenue, Portland, Oregon 97266. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and an enrolled beneficiary of the Oregon Health Plan (Medicaid). Plaintiff proceeds pro se. S.J.D. Candidate, Universiteit van Amsterdam.

2. **Defendant ODS Community Dental** (ODS Health Plan, Inc.) is the dental managed-care organization that administered Plaintiff's OHP dental benefits and issued all seven void prior-authorization denials.

3. **Defendant Moda Health Plan, Inc.** d/b/a CareOregon is the parent CCO entity that contracted with the Oregon Health Authority to deliver OHP benefits including dental. Moda collected $24,216.00 in capitation for Plaintiff's care.

4. **Defendant Health Share of Oregon** is the coordinated care organization whose internal documents contain the three party-opponent admissions: "out of compliance" (Bachand); "already untimely" (Shattuck); "a ton of complaints … never sent to us" (Shattuck).

5. **Defendant Amy Doe** is the ODS care coordinator who, on February 12, 2026, stated on a recorded telephone call: "If it goes to court, they are going to hold off doing any treatment for you." 18 U.S.C. § 1513(e).

6. **Injunctive Defendant Hon. Rebecca A. Lease (Pro Tempore)** is the Multnomah County small claims referee who issued void orders four minutes apart on April 27, 2026 in Cases 26SC05481 and 26SC05500, following triple disqualification. Named under *Pulliam v. Allen*, 466 U.S. 522 (1984), for limited injunctive relief in official capacity only.

**7. Injunctive Defendant ALJ James A. Dreyer** (OSB #9 50111 — INACTIVE) issued the Final Order in OHA 2026-OHA-20842 while holding an inactive Oregon bar license in violation of ORS 9.160. Named under *Pulliam* for limited injunctive relief to prevent the void Final Order from serving as preclusive authority. Official capacity only.

## II. JURISDICTION AND VENUE

**8.** This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. Federal questions are presented under 42 U.S.C. § 12132 (ADA Title II); 42 U.S.C. §§ 1396a(a)(8), (10) (Medicaid Act, privately enforceable via § 1983 per *Talevski*, 599 U.S. 166 (2023)); 42 U.S.C. § 1983 (due process and equal protection); 31 U.S.C. § 3730(h) (FCA retaliation); 18 U.S.C. §§ 1962(c), 1964(c) (civil RICO). Supplemental jurisdiction under § 1367(a) extends to all state-law claims arising from the same nucleus of operative fact. Venue is proper under 28 U.S.C. § 1391(b); all events occurred in the Portland Division of this District.

## III. THIS ACTION IS PROPERLY BEFORE THE COURT

**9. No pending appeal bars this action.** Defense counsel has indicated an intent to argue that Plaintiff "cannot proceed in this separate action while [the] Ninth Circuit case is pending." This is legally incorrect. Nos. 26-2403 and 26-3101 are appeals of *different, dismissed* cases (3:26-cv-298-AB and 3:26-cv-405-AB). An appeal of a dismissed case does not divest the district court of jurisdiction over a separate, subsequently removed action. The pendency of an appeal from Case A does not bar Case B unless the two actions involve identical claims between identical parties seeking identical relief, and even then the bar is discretionary, not jurisdictional. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This is a removed state-court action with its own

operative complaint, its own factual record, and its own procedural posture. The appeals do not touch it.

**10. The complaint states plausible claims.** Defense counsel has also indicated an intent to move for dismissal under Rule 12(b)(6) "for the same reasons asserted by the Court in the other cases." Those reasons — the sua sponte dismissals in 298-AB and 901-SB — are under appeal in Nos. 26-2403 and 26-3101. They are the contested subject of the appeals, not settled authority. Moreover, the prior dismissals were entered *sua sponte*, without adversarial briefing, and ordinarily require leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). This TAC pleads facts — not conclusions — that must be accepted as true under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Each fact is drawn from the Defendants' own records, the OHA administrative record, and authenticated recordings in Plaintiff's possession.

**11. Amendment as of right.** No responsive pleading has been filed in this removed action. Under FRCP 15(a)(1)(A), a party may amend once as a matter of course before a responsive pleading is served. This TAC is timely filed as of right and supersedes the state-court complaint that was the subject of removal.

## IV. STATEMENT OF FACTS

### A. The Medical Emergency

**12.** On January 7, 2026, Dr. Mishaun Sahebi, DMD (Oral and Maxillofacial Surgery, Skyline Oral Surgery) performed a CBCT scan and clinical examination confirming a 15–20mm periapical bone defect at the maxillary sinus floor. Dr. Sahebi prescribed Schedule II opioid medication (Rx FS2852487) and submitted a prior authorization for: extraction

© 2024–2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) • DPM 933

(D7240), ridge-preservation bone graft (D7953), guided tissue regeneration (D4266), and autologous blood concentrate (D7921). The extraction was approved. The three support procedures necessary to perform the extraction safely were denied.

**13.** As of the date of this filing, 877+ days have elapsed since the emergency condition was first documented. The bone defect is progressive and irreversible. Monetary damages cannot regenerate bone. The denial continues.

**B. The Void Denial Chain**

**14. Wrong pathway (void ab initio).** ODS applied OAR Line 256 (pediatric craniofacial) to an adult oral surgery prior authorization requiring Line 344. OAR 410-141-3885(2)(c)(K). This is confirmed in Health Share's own handwriting in OHA Exhibit A6, Page 7 of the administrative record. A determination made under the wrong legal standard is void ab initio. *Norton v. Shelby County*, 118 U.S. 425, 442 (1886). Every subsequent denial inherits the void.

**15. Non-OMFS reviewers (ultra vires).** All three peer reviewers — Sherry Edwards DDS, John T. Eilers DMD, and David Wilson DMD — are general dentists who reviewed an oral-and-maxillofacial-surgery claim. 42 C.F.R. § 438.210(b)(1) mandates same-specialty review. This is undisputed in the record.

**16. Denial paradox (clinical impossibility).** Extraction (D7240) was approved at a 15–20mm sinus-adjacent defect. The bone graft and tissue regeneration necessary to prevent oral-antral fistula were denied. The approved treatment plan is clinically impossible to execute safely. No oral surgeon would perform it.

**17. Phantom Tooth #6.** Claim 251604830800 documents extraction of Tooth #6. No provider ever requested this extraction. No chart documents a clinical basis. The claim appears in the OHA administrative record as a party-opponent admission under FRE 801(d)(2).

### C. The Retaliation

**18.** On February 12, 2026, Amy Doe, ODS care coordinator, stated on a recorded telephone call: "If it goes to court, they are going to hold off doing any treatment for you." This statement conditions medical care on the relinquishment of constitutional rights. 18 U.S.C. § 1513(e) (federal retaliation); 31 U.S.C. § 3730(h) (FCA retaliation). The recording is in Plaintiff's possession and is being submitted to the Ninth Circuit.

### D. The Triple Party-Opponent Admission

**19.** Health Share's own internal documents, produced in its OHA exhibit package, contain three admissions against interest: (1) "out of compliance" (Bachand); (2) "already untimely" (Shattuck); (3) "a ton of complaints … never sent to us" (Shattuck). These are party-opponent admissions under FRE 801(d)(2) and ORS 40.460. They flow upstream under 28 U.S.C. § 1738.

### E. The Financial Record

**20.** Capitation collected: $24,216.00. Care delivered: $1,050.00. Undelivered value: $23,166.00. Margin: 95.7%. Phantom network rate: 58.2% (corroborated by OHSU Health Affairs PMC9876384 (2023) and HHS-OIG October 2025 report). These figures are drawn from Defendants' own accounting.

### F. The Void OHA Final Order

**21.** ALJ James A. Dreyer issued the Final Order in OHA 2026-OHA-20842 on April 27, 2026. OSB #9 50111 shows "Inactive." ORS 9.160 prohibits the practice of law by inactive members. The Final Order contains conclusions of law signed by a person not authorized to practice law. The Order is void ab initio. The OCA petition deadline is June 26, 2026.

## V. COUNTS

### COUNT I — ADA TITLE II — 42 U.S.C. § 12132

**22.** Defendants are public entities or state actors within the meaning of 42 U.S.C. § 12131(1)(B), administering a federally funded program. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff is a qualified individual with a disability. Defendants denied Plaintiff meaningful access to dental care by reason of disability through seven void denials, a 58.2% phantom network, and a 95.7% capitation margin. *Olmstead v. L.C.*, 527 U.S. 581 (1999); *Tennessee v. Lane*, 541 U.S. 509 (2004).

### COUNT II — MEDICAID ACT VIOLATIONS VIA § 1983

**23.** The Medicaid Act §§ 1396a(a)(8) (reasonable promptness) and (a)(10) (sufficient coverage) create individually enforceable rights actionable through 42 U.S.C. § 1983. *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023). Defendants violated both provisions by denying emergency care for 877+ days, breaching the 72-hour emergency access mandate at 42 C.F.R. § 438.206(b)(4), and routing subspecialty denials through unqualified reviewers in violation of 42 C.F.R. § 438.210(b)(1).

### COUNT III — DUE PROCESS — FOURTEENTH AMENDMENT VIA § 1983

**24.** Plaintiff has a protected property interest in his OHP dental benefits. *Goldberg v. Kelly*, 397 U.S. 254 (1970). Defendants deprived Plaintiff of those benefits without due process: (a) the OHA hearing was conducted by an ALJ without an active bar license; (b) the prior authorization denials applied the wrong regulatory pathway; (c) non-OMFS reviewers lacked competence to make the subspecialty determination; (d) the February 12, 2026 retaliation conditioned care on surrender of constitutional rights. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**COUNT IV — FCA RETALIATION — 31 U.S.C. § 3730(h)**

**25.** Section 3730(h) protects any individual who is "discriminated against in the terms and conditions of employment or otherwise" because of lawful acts taken in furtherance of an FCA action. The "or otherwise" clause extends beyond employees to any person retaliated against for protected activity. Plaintiff engaged in protected activity by documenting and reporting Defendants' submission of false capitation claims and phantom network certifications to CMS. Amy Doe's February 12, 2026 statement — conditioning medical care on relinquishment of legal rights — constitutes retaliation within § 3730(h). This count is asserted as a direct first-party claim. It does not require seal, government service, or co-counsel.*

**COUNT V — OREGON FALSE CLAIMS ACT — ORS 180.750**

**26.** The Oregon False Claims Act, ORS 180.750–180.785, parallels the federal FCA and is enforceable by private persons. Defendants submitted false capitation claims and false network-adequacy certifications to the Oregon Health Authority, a state program receiving federal funds. Each void prior-authorization denial submitted to the OHA record constitutes a false record under ORS 180.750(1)(a)–(b). The Phantom Tooth #6 claim is a false billing entry with no clinical predicate. Treble damages and civil penalties apply.

**COUNT VI — CIVIL RICO — 18 U.S.C. §§ 1962(c), 1964(c)**

**27.** Defendants ODS, Moda, Health Share, and Does 1–50 constitute an association-in-fact enterprise under 18 U.S.C. § 1961(4). *United States v. Turkette*, 452 U.S. 576 (1981). Each defendant participated through a pattern of racketeering activity across 877+ days including: mail fraud (§ 1341) — unsigned restriction letter and false prior-auth denials; wire fraud (§ 1343) — electronic denial communications; witness tampering (§ 1512) —

Skyline abandonment; retaliation (§ 1513(e)) — Amy Doe recording; theft of government funds (§ 641) — phantom capitation. Pattern and continuity: *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229, 241 (1989). Civil RICO treble damages under § 1964(c).

**COUNT VII — FIRST AMENDMENT RETALIATION — 42 U.S.C. § 1983**

**28.** Amy Doe, acting under color of state law as agent of a federally funded Medicaid MCO, conditioned Plaintiff's continued medical care on relinquishment of the First Amendment right to petition the courts. *Hartman v. Moore*, 547 U.S. 250 (2006). The February 12, 2026 recording is direct evidence. The statement simultaneously violates 18 U.S.C. §§ 1513(e) and 1951, 42 U.S.C. § 1983, and ORS 163.732.

**COUNT VIII — NEGLIGENCE PER SE AND BREACH OF FIDUCIARY DUTY**

**29.** Defendants owed Plaintiff fiduciary duties as trust administrators of federally entrusted capitation. *Restatement (Third) of Trusts* § 5. Defendants breached those duties by: (a) collecting $24,216.00 and delivering $1,050.00; (b) constructing a 58.2% phantom provider network; (c) applying the wrong regulatory pathway; (d) employing non-OMFS reviewers; (e) billing a phantom tooth with no clinical predicate. The breach of 42 C.F.R. §§ 438.206 and 438.210 constitutes negligence per se: the regulations establish the standard of care, and the undisputed violations establish the breach.

**COUNT IX — WHISTLEBLOWER RETALIATION — ORS 659A.199**

**30.** ORS 659A.199 prohibits retaliation against any person who reports or is about to report a violation of law. Plaintiff reported Defendants' regulatory violations to OHA, the Oregon AG, and the U.S. Attorney. Amy Doe's February 12, 2026 statement constitutes retaliation per se. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006) (materially adverse action deterring a reasonable person from reporting).

© 2024–2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) • DPM 933

## COUNT X — BREACH OF THE SOVEREIGN BENEFITS COVENANT

**31.** Oregon Health Plan capitation is deferred compensation — funds paid through mandatory tax contributions, held in trust, and administered through managed-care organizations for the benefit of enrolled individuals. Defendants accepted $24,216.00 in trust for Plaintiff's benefit and retained 95.7% while defeating the trust purpose through seven void denials, a phantom network, and recorded retaliation. This constitutes breach of the Benefits Covenant — a fiduciary breach actionable under the constructive-trust doctrine of *Restatement (Third) of Restitution and Unjust Enrichment* § 55. The covenant analysis is developed in the companion S.J.D. Monograph filed herewith.

## VI. PRAYER FOR RELIEF

**32.** WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**(a)** Compensatory damages in an amount to be proved at trial, not less than $626,000.00.

**(b)** Treble damages under 18 U.S.C. § 1964(c) (civil RICO) and ORS 180.750 (Oregon FCA).

**(c)** Civil penalties per false claim under ORS 180.750.

**(d)** FCA retaliation damages under 31 U.S.C. § 3730(h), including reinstatement of all benefits withheld as a consequence of protected activity.

**(e)** A mandatory preliminary injunction ordering emergency dental surgery authorization within 72 hours (42 C.F.R. § 438.206(b)(4)).

**(f)** Injunctive relief under *Pulliam v. Allen* against Injunctive Defendants Lease and Dreyer, preventing the void small-claims orders and void OHA Final Order from serving as preclusive authority in any proceeding.

**(g)** A constructive trust over all capitation funds collected by Defendants on Plaintiff's behalf and not expended for Plaintiff's care.

**(h)** Attorneys' fees and costs under 42 U.S.C. § 1988, 31 U.S.C. § 3730(h), and ADA fee provisions.

**(i)** Such other and further relief as this Court deems just, proper, and equitable.

## VII. VERIFICATION — 28 U.S.C. § 1746

I, David P. Martin, DCL, DD, S.J.D. (UvA), declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing factual allegations are true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry. The legal conclusions stated herein are set forth in good faith and supported by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law. FRCP 11(b)(1)–(4).

*Fiat iustitia ruat caelum.*

Respectfully submitted,

**Dr. David P. Martin, DCL, DD, S.J.D. (UvA)**
S.J.D. Candidate, Universiteit van Amsterdam
Pro Se Plaintiff | DPM 933
7609 SE 110th Avenue, Portland, Oregon 97266
(206) 371-5860 | divinemajestratorlll@pm.me

Dated: June 4, 2026 — Day 126

*In loving memory of Gwendolyn Ann Martin.*

© 2024–2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) • DPM 933

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, I filed the foregoing Third Amended Complaint with the Clerk of Court by personal delivery at the Mark O. Hatfield United States Courthouse, 1000 S.W. Third Avenue, Portland, Oregon 97204. Service upon all parties of record will be accomplished through the CM/ECF system upon docketing, and by U.S. Mail, first class, postage prepaid, to any party not registered for electronic filing.

**Dr. David P. Martin, DCL, DD, S.J.D. (UvA)**

Pro Se Plaintiff | DPM 933

© 2024–2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) • DPM 933