IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

        Plaintiff,

    v.

ODS COMMUNITY DENTAL; HEALTH
SHARE OF OREGON; MODA HEALTH
PLAN, INC., doing business as CAREOREGON;
AMY DOE; HON. REBECCA A. LEASE;
ALJ JAMES A. DREYER; and DOES 1–50,

        Defendants.

Case No. 3:26-cv-01049-AB

OPINION & ORDER

David P. Martin
    Self-represented

Peder A. Rigsby
Sean Douglas McKean
Wilson Elser Moskowitz Edelman & Dicker LLP
805 SW Broadway, Suite 2460
Portland, OR 97205
    Attorneys for Defendants Moda Health Plan, Inc. and ODS Community Dental

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff David P. Martin brings this case against Defendants ODS Community Dental ("ODS"), Health Share of Oregon, Moda Health Plan, Inc. ("Moda"), Amy Doe, Judge Rebecca A. Lease, and Administrative Law Judge James A. Dreyer. *See* First Am. Compl. ("FAC"), ECF No. 6.[1] Defendants ODS and Moda filed the pending Motion to Dismiss on grounds that "Plaintiff's claims are frivolous and fail to state an actionable claim for relief" and because "Plaintiff's claims arise from essentially the same facts as Plaintiff's two pending appeals before the Ninth Circuit." Defs. ODS and Moda Mot. Dismiss ("Defs.' Mot.") 2, ECF No. 59. For the reasons below, the Court grants Defendants ODS and Moda's Motion as to Defendants ODS, Moda, Health Share of Oregon, and Amy Doe.

## BACKGROUND

This matter is the latest in a series of cases brought by Plaintiff. *See Martin v. ODS Dental et al.*, Case No. 3:26-cv-00298-AB (D. Or. 2026) ("*Martin I*"); *Martin v. City of Portland et al.*, Case No. 3:26-cv-00405-AB (D. Or. 2026) ("*Martin II*"); *DPM 933 v. Dep't of Gov't Efficiency et al.*, Case No. 3:26-cv-00741-AR (D. Or. 2026) ("*Martin III*");[2] *Martin v. ODS Cmty. Dental et al.*, Case No. 3:26-cv-00901-AB (D. Or. 2026) ("*Martin IV*"). The Court

---

[1] The Court notes that Plaintiff named this pleading a "Third" Amended Complaint. Because it appears that this is the first time Plaintiff filed an amended pleading after this matter was removed to federal court, and because Plaintiff later filed another document titled, "Third Amended Complaint[,]" *see* ECF No. 39, the Court refers to this pleading as his First Amended Complaint.

[2] Plaintiff filed *Martin III* under a pseudonym but never received leave to do so. Judge Armistead found that Plaintiff has not shown that he is entitled to proceed under a pseudonym because "[Plaintiff's] allegations do not demonstrate a reasonable fear of retaliation, embarrassment, or that he will be vulnerable to injury or harm without anonymization . . . ." *Martin III*, ECF No. 11 (Findings & Recommendation) at 7; *see also Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names.").

2 – OPINION & ORDER

recently provided an extensive background of the procedural history of this case and others brought by Plaintiff in federal court. *See* Opinion & Order 2–6, ECF No. 116.[3] The Court incorporates that discussion by reference.

**STANDARDS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must liberally construe pleadings of self-represented litigants. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a self-represented

---

[3] Also available as *Martin v. ODS Cmty. Dental*, No. 3:26-cv-01049-AB, 2026 WL 2150350 (D. Or. July 27, 2026).

3 – OPINION & ORDER

plaintiff's complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a self-represented plaintiff's complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court grants Defendant ODS and Moda's Motion to Dismiss on two grounds. First, the Court finds that much of this matter is duplicative of other matters with appeals pending in the United States Court of Appeals for the Ninth Circuit. Second, Plaintiff's First Amended Complaint contains many of the same pleading deficiencies as in his earlier pleadings in related cases. Accordingly, the Court dismisses all Defendants except for Defendants Lease and Dreyer.

## I.    Duplicative Matters

Defendants ODS and Moda argue that their Motion should be granted because "a plaintiff may not re-file the same claim in a new action while the appeal remains pending[,]" yet "Plaintiff is attempting to seek relief related to this action in one of those appeals." Defs.' Mot. 5. The Court agrees as to the Defendants named in Plaintiff's cases with pending appeals.

As a general matter, litigants may not re-file claims in a new action while an appeal is pending in another duplicative claim. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses . . . a complaint 'that merely repeats pending or previously litigated claims.'" (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))); *see also Khouanmany v. Carvajal*, No. 20-cv02858-LHK, 2021 WL 2186218, at *7 (N.D. Cal. May 28, 2021) ("Although the [] District Court dismissed petitioner's complaint without prejudice, petitioner may not re-file this claim in a new action

4 – OPINION & ORDER

while her appeal is still pending."); *Adesanya v. United States*, No. 15-cv-01379-KAW, 2015 WL 5961938, at *4 (N.D. Cal. Oct. 14, 2015) ("The claims in this action are duplicative of those currently before the Ninth Circuit . . . . Therefore, the amended complaint is dismissed . . . .").

The Court finds that much of this matter is duplicative of Plaintiff's other matters, several of which have pending appeals. For example, Plaintiff filed this action against many of the same Defendants as in *Martin I*, and Plaintiff makes many of the same allegations relating to his alleged dental injuries as in *Martin I*. *See Martin I*, ECF No. 35 (Second Am. Compl.). The Court dismissed Plaintiff's claims in that case without prejudice and without leave to amend on April 24, 2026. *See Martin I*, ECF No. 38 (Opinion & Order). Plaintiff filed a notice of appeal on April 29, 2026. *Martin I*, ECF No. 46 (Notice of Appeal). That appeal is still pending as of the date of this Opinion & Order. *See Martin v. ODS Cmty. Dental et al.*, No. 26-3101 (9th Cir.).

This is not the first time the Court has warned Plaintiff about his duplicative actions. On May 4, 2026, Plaintiff filed *Martin IV* against many of the same Defendants as in this matter and made many of the same allegations as in this matter. *See Martin IV*, ECF No. 1 (Compl.). On May 6, 2026, the Court entered an Order dismissing *Martin IV* because Plaintiff could not re-file his claims in a new action while his appeal is still pending in *Martin I*. *Martin IV*, ECF No. 6 (Order of Dismissal).

The Court reiterates—as it did in *Martin IV*—that Plaintiff may not maintain a separate duplicative action while an appeal in an earlier case is still pending. Accordingly, the Court dismisses the following Defendants who are parties in Plaintiff's other cases with pending appeals: ODS Community Dental; Moda Health Plan, Inc.; Health Share of Oregon; and Amy Doe. Therefore, the only remaining Defendants in this lawsuit are currently "Injunctive Defendants" Lease and Dreyer.

5 – OPINION & ORDER

**II.    Other Pleading Deficiencies**

The Court also notes that Plaintiff's operative pleading contains many deficiencies that have arisen in Plaintiff's prior filings and which the Court has already identified in prior Orders. The Court proceeds with a short discussion of some of Plaintiff's other pleading deficiencies. *See Ferdik*, 963 F.2d at 1261 (holding that a court cannot dismiss a self-represented plaintiff's complaint without first explaining to the plaintiff the deficiencies of the complaint).

First, Plaintiff brings several claims alleging that Defendants violated Plaintiff's constitutional rights. *See* FAC 7–9.[4] The Court has already warned Plaintiff that "a plaintiff cannot bring a claim for a constitutional violation against a private actor." *Martin I*, 2026 WL 716348, at *2; *see also Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (holding a "threshold requirement of any constitutional claim is the presence of state action"); *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) ("Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action."). Plaintiff's claims brought under 42 U.S.C. § 1983 fail for the same reason. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (holding that a plaintiff bringing a claim under § 1983 must show in part "that the alleged violation was committed by a person acting under the color of State law"). Plaintiff does not allege facts sufficiently showing the state action required here as to Defendants ODS, Moda, Health Share of Oregon, or Amy Doe.

Second, Plaintiff brings a claim under the federal False Claims Act ("FCA"). FAC 8; *see also* FAC Ex. 1, at 12 (Plaintiff refers to himself as a "Qui Tam Relator"), ECF No. 6-1. The Court has already warned Plaintiff that he cannot proceed with his FCA claim because "a *pro se*

---

[4] The Court refers to CM/ECF pagination.

6 – OPINION & ORDER

relator cannot prosecute a *qui tam* action on behalf of the United States . . . ." *Martin II*, 2026 WL 1587489, at *3 (quoting *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)).

Finally, the Court reiterates its prior warnings to Plaintiff that his pleadings must comply with Federal Rule of Civil Procedure 8. *See Martin I*, 2026 WL 716348, at *2 (finding that "Plaintiff's lengthy and confusing complaint imposes an 'unfair burden[ ] on litigants and judges,' . . . and must be dismissed under Rule 8" (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996))); *Martin I*, 2026 WL 1121979, at *1 (finding that Plaintiff's amended pleading "contains a large amount of information that has no clear connection to Plaintiff's causes of action"); *Martin II*, 2026 WL 1125711, at *2 ("Plaintiff's multiple addenda and unclear system of organization in his Amended Complaint make it impossible for the Court to determine the essence of Plaintiff's claims for relief."); *Martin II*, 2026 WL 1587489, at *2 ("Plaintiff's Second Amended Complaint is incomprehensible."). The Court finds here that Plaintiff's First Amended Complaint alleges more relevant facts than in prior iterations of his pleadings, but it continues to meander into topics which are irrelevant to Plaintiff's alleged dental injuries or are unrecognized legal doctrine under federal or Oregon law. *See* FAC 10 (discussing a "breach of the sovereign benefits covenant" or "a fiduciary breach" by Defendants "actionable under the constructive-trust doctrine"); FAC Ex. 1, at 4 (discussing access to justice issues among low-income Oregonians); *id.* at 5–7 (arguing in favor of bringing a FCA claim even after the Court concluded that Plaintiff could not bring one).

Plaintiff continues to disregard the Court's prior guidance and warnings regarding his prior pleading deficiencies. The Court grants Defendants ODS and Moda's Motion to Dismiss on these separate grounds.

7 – OPINION & ORDER

## CONCLUSION

The Court GRANTS Defendants ODS Community Dental and Moda Health Plan, Inc.'s Motion to Dismiss [59]. Because Plaintiff may not maintain a separate duplicative action while an appeal in a prior case is still pending, the Court DENIES Plaintiff leave to file an amended complaint involving Defendants ODS Community Dental, Moda Health Plan, Inc., Health Share of Oregon, and Amy Doe. *See Martin v. ODS Cmty. Dental et al.*, No. 26-3101 (9th Cir.); *Martin v. ODS Cmty. Dental, et al.*, No. 26-3357 (9th Cir.); *Martin v. City of Portland, et al.*, No. 26-3777 (9th Cir.). Therefore, the only remaining Defendants in this lawsuit are currently "Injunctive Defendants" Lease and Dreyer.

IT IS SO ORDERED.

DATED this __4th__ day of August, 2026.

 

AMY M. BAGGIO
United States District Judge

8 – OPINION & ORDER